UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHLEEN SPENCER,

          Plaintiff,

   v.

PEACEHEALTH,

          Defendant.

Case No. C24-5138-MLP

ORDER

### I.    INTRODUCTION

This matter is before the Court on Defendant PeaceHealth's Motion to Dismiss, filed on February 27, 2024.[1] (Mot. (dkt. # 6).) On March 15, 2024, Plaintiff Kathleen Spencer filed an amended complaint (Am. Compl. (dkt. # 9)), and on March 25, 2024, she filed an opposition to the Motion (Resp. (dkt. # 12)). On March 29, 2024, PeaceHealth filed its reply. (Reply (dkt. # 13).) The Court held oral argument on April 24, 2024. (Dkt. # 15.) Having considered the parties' submissions, oral argument, the governing law, and the balance of the record, the Court DENIES PeaceHealth's Motion (dkt. # 6) and REMANDS this action to Clark County District Court.

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 7.)

ORDER - 1

## II. BACKGROUND

On January 29, 2024, Ms. Spencer, a former employee of PeaceHealth, filed this action in Clark County District Court. (Compl. (dkt. # 1-1) at ¶ 6.) Ms. Spencer alleges she is "a member of the union, Oregon Federation of Nurses and Health Professionals[,]" that entered into a collective bargaining agreement ("CBA") with PeaceHealth. (*Id.* at ¶ 8.) Ms. Spencer alleged PeaceHealth "retaliated against her by eliminating her position and knowingly terminated her in violation of the [CBA] for exercising her rights under the [CBA]." (Compl. at ¶ 10.) Ms. Spencer further alleges PeaceHealth "failed to provide sufficient notice to Ms. Spencer that her position was being 'eliminated' as it was claimed by PeaceHealth." (Compl. at ¶ 12.) Ms. Spencer asserts a single claim against PeaceHealth for "wrongful termination in violation of public policy" on the grounds that her termination was "retaliation against Ms. Spencer for exercising her rights under the [CBA]." (Compl. at ¶¶ 13-17 (emphasis omitted from first quotation).)

On February 20, 2024, PeaceHealth removed the action to this Court on the grounds that, "[b]ecause Plaintiff's termination is prescribed and governed by the applicable [CBA], Plaintiff's claim arises under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185." (Dkt. # 1 at 2.)

## III. DISCUSSION

PeaceHealth contends Ms. Spencer's claims must be dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim. (Mot. at 3.) PeaceHealth contends dismissal is required because: (1) Ms. Spencer failed to follow the mandatory grievance procedure set forth in the CBA prior to filing suit; (2) her claim alleges violation of the CBA and thus is preempted by the Labor Management Relations Act ("LMRA"); and (3) her claim arguably alleges violation of, and is thus preempted by, the National Labor Relations Act

ORDER - 2

("NLRA") pursuant to *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236 (1959). (*Id.* at 1-2.) Ms. Spencer counters: (1) she exhausted her CBA remedies; (2) retaliation is not covered by the CBA and thus the LMRA does not apply and this Court accordingly lacks jurisdiction over the action; and (3) her claim does not implicate the NLRA. (Resp. at 3-4.) Ms. Spencer requests the Court remand the case to state court and award her attorney's fees. (*Id.* at 2.)

On reply, PeaceHealth contends Ms. Spencer's amended complaint does not cure the defects in her original complaint. (Reply at 2-3.) PeaceHealth requests Ms. Spencer's claim for wrongful termination be dismissed with prejudice. (*Id.* at 10.)

### A. Rule 12(b)(6) Standards

On a motion to dismiss, Rule 12(b)(6) requires a court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677-78. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although a subsequent amended complaint typically moots a motion to dismiss for failure to state a claim, an amended complaint "substantially identical to the original complaint . . . will not moot the pending motion to dismiss." *Oliver v. Alcoa, Inc.*, 2016 WL 4734310, at *2

ORDER - 3

(W.D. Wash. Sept. 12, 2016). Here, neither party contends the amended complaint moots PeaceHealth's Motion. (*See* Resp.; Reply at 2-3.) The amended complaint is substantially identical to the original, largely adding argument as to why the matter is not removable. (*See, e.g.*, Am. Compl. at ¶ 5 ("Plaintiff alleges that the federal court lacks subject matter jurisdiction and this case must be remanded.").) Accordingly, the Court concludes PeaceHealth's Motion is not moot.

### B.     Jurisdiction

#### 1.     Removal

Federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such actions, when filed in a State court, may be removed to federal court. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Russell v. United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of United States & Canada*, 2011 WL 13354076, at *5 (W.D. Wash. Feb. 15, 2011).

#### 2.     Labor Management Relations Act

Under the LMRA, lawsuits alleging "violation of contracts between an employer and a labor organization representing employees" in applicable industries may be brought in federal district courts. 29 U.S.C. § 185(a). Section "301 is not simply jurisdictional. [It authorizes] a body of federal common law [that] preempts the use of state contract law in CBA interpretation and enforcement." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985); *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001)). "Section 301 is one of just three federal

statutes that the Supreme Court has held to 'so preempt their respective fields as to authorize removal of actions seeking relief exclusively under state law.'" *Garcia v. Serv. Emps. Int'l Union*, 993 F.3d 757, 762 (9th Cir. 2021) (quoting *In re Miles*, 430 F.3d 1083, 1088 (9th Cir. 2005)).

"'[T]he pre-emptive effect of § 301 [extends] beyond suits alleging contract violations' to state law claims grounded in the provisions of a CBA or requiring interpretation of a CBA." *Kobold*, 832 F.3d at 1032 (quoting *Lueck*, 471 U.S. at 210-11). "Once preempted, any claim purportedly based on a state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* (cleaned up).

The Ninth Circuit has articulated a two-step inquiry to analyze § 301 preemption of state law claims. First, if the asserted cause of action involves a right that "exists solely as a result of the CBA, then the claim is preempted[.]" *Kobold*, 832 F.3d at 1032 (citation omitted). Second, even where the right is "conferred upon an employee by virtue of state law, not by a CBA" and "exists independently of the CBA," the state law claim is preempted if "the right is nevertheless substantially dependent on analysis of a collective-bargaining agreement." *Id.* Otherwise, "the claim can proceed under state law." *Id.*

### C.   Analysis

The Court must assess PeaceHealth's preemption arguments based on Ms. Spencer's original complaint. "[P]ost-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006).

PeaceHealth contends Ms. Spencer's complaint is "predicated on rights created by the CBA" and "'substantially dependent' on the interpretation of the CBA." (Reply at 5.) Ms.

1  Spencer contends her claim, that she was fired in retaliation for utilizing the grievance
2  procedures in the CBA, is governed by state law and requires no interpretation of the CBA.
3  (Resp. at 2-3.)

4        The Court recently applied the Ninth Circuit's two-step inquiry to determine that a claim
5  for wrongful termination in violation of Washington public policy is not preempted by § 301.
6  *Sellar v. Woodland Park Zoological Soc'y*, 2023 WL 5425490 (W.D. Wash. Aug. 23, 2023). In
7  that case, the plaintiff alleged, *inter alia*, constructive discharge after the defendant retaliated
8  against plaintiff for complaints and advocacy regarding diversity-related issues. *Id.* at *1.

9        At the first step of the analysis, the Court found "a claim for wrongful termination in
10 violation of Washington's public policy is a nonnegotiable right independent of a CBA." *Sellar*,
11 2023 WL 5425490, at *4. Merely "*referencing* the grievance process" in her complaint did not
12 mean that plaintiff's claims were based on "a *breach* of the CBA[.]" *Id.* At the second step, the
13 Court found plaintiff's claim was not "substantially dependent" on analysis of the CBA because
14 there was "no provision of the CBA that *must* be interpreted to resolve" the claim. *Id.* at *5.
15 "Determining whether the [employer] undertook . . . retaliatory actions will, instead, likely focus
16 on 'purely factual questions pertaining to the conduct and motivation' of the [employer], not
17 disputed terms of the CBA." *Id.* (internal alterations omitted) (quoting *Milne Emps. Ass'n v. Sun*
18 *Carriers, Inc.*, 960 F.2d 1401, 1408 (9th Cir. 1991)).

19       Similarly, here, at step one the Court finds Ms. Spencer's claim is based on a right
20 conferred by virtue of state law and exists independently of a CBA. Washington law makes clear
21 that the tort of wrongful termination in violation of public policy is grounded in state law,
22 regardless of whether the employee is subject to a CBA.
23

ORDER - 6

"[I]n Washington the tort of wrongful discharge is not designed to protect an employee's purely private interest in his or her continued employment; rather, the tort operates to vindicate the public interest in prohibiting employers from acting in a manner contrary to fundamental public policy." *Smith v. Bates Tech. Coll.*, 139 Wn. 2d 793, 801 (Wash. 2000). "A cause of action for wrongful discharge in violation of public policy exists where an employee is fired for exercising a legal right or privilege." *Id.* at 807. In *Bates*, the Washington Supreme Court held "Washington [statutes and] precedent establish [an] employee's pursuit of a grievance is a protected legal right" that can support such a cause of action. *Id.* Moreover, an employee's "right to be free from wrongful termination in contravention of public policy may not be altered or waived by private agreement," and thus "is independent of any underlying contractual agreement between employee and employer." *Wilson v. City of Monroe*, 88 Wash. App. 113, 115, 117 (Wash. Ct. App. 1997).

Other federal courts have recognized a wrongful termination in violation of Washington public policy claim "is independent of the CBA: it is based on Washington public policy." *McFarland v. BNSF Ry. Co.*, 2016 WL 10515857, at *3 (E.D. Wash. May 5, 2016). Ninth Circuit case law also indicates wrongful termination in violation of public policy claims rely on State law, not a CBA. "This Court long ago recognized that Section 301 does not preempt the California tort of wrongful discharge." *Romero v. San Pedro Forklift, Inc.*, 266 F. App'x 552, 555 (9th Cir. 2008) (citing *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 863 (9th Cir. 1987); *Harper v. San Diego Transit Corp.*, 764 F.2d 663, 668 (9th Cir. 1985)). "[T]he tort of wrongful discharge in violation of public policy exists independent of any contractual right." *Paige*, 826 F.2d at 863. "Although these cases address California law, there is no basis for distinguishing this law from the Washington tort of wrongful discharge in violation of public policy." *Russell*,

2011 WL 13354076, at *3. Ms. Spencer's claim rests on rights arising from Washington law and public policy. The Court concludes, at step one, that the claim is not preempted by § 301.

With regard to step two, PeaceHealth argues that the Court must interpret CBA provisions related to discipline, grievance procedures, and layoffs to adjudicate Ms. Spencer's claim. (Reply at 5.) PeaceHealth does not explain why those provisions are central to the claim, however, or identify any provisions that are actually in dispute. "Interpretation" of a CBA is defined narrowly. *Garcia*, 993 F.3d at 765. Merely considering, referring to, or applying the language of a CBA is not sufficient to trigger preemption. *Id.* "There is not substantial dependence 'when the meaning of contract terms is not the subject of dispute[.]'" *Id.* (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994)). Here, in the absence of any relevant disputed provision, PeaceHealth has not shown § 301 applies.

The analysis in *Russell* is instructive. A union employee plaintiff sued for wrongful termination in violation of public policy, alleging he was terminated in retaliation for complaints that defendants violated the union constitution (a contract subject to § 301). *Russell*, 2011 WL 13354076, at *1, 3. The Court found the "allegations simply serve as context for plaintiff's complaint against" the defendants but "do not in any way implicate the union constitution in such a way as to trigger § 301 preemption. While they may possibly require a court to 'look to' the union constitution, they do not require the court to interpret its terms or resolve a dispute about the meaning of its terms." *Id.* at *4.

PeaceHealth has not established that Ms. Spencer's claims require the Court to resolve any disputed CBA terms. "Preemption does not take place where a court simply consults the requirements of a CBA (or constitution) whose terms are not in dispute." *Russell*, 2011 WL 13354076, at *4; s*ee also Sellar*, 2023 WL 5425490, at *5 ("Ms. Sellar's acknowledgment of the

ORDER - 8

grievance process that occurred is incidental to her claims and does not necessitate the interpretation of the CBA."); *Wilson*, 88 Wn. App. at. at 119 (Washington Court of Appeals found a plaintiff's claim of wrongful termination in violation of public policy "may be resolved without interpreting the CBA[.]").

PeaceHealth cites *Atkins v. Praxair Inc.* to argue that the Ninth Circuit has held wrongful termination in violation of public policy claims are "inextricably intertwined" with a CBA. 182 F. App'x 724, 726 (9th Cir. 2006). In that case, however, the plaintiffs' factual allegations did not match the claim. "Although [the employees] argue that they only allege wrongful termination in violation of public policy, the plain language of the Complaint belies this." *Id.* at 727. Here, Ms. Spencer alleges that after she filed numerous complaints under the CBA, PeaceHealth "terminated her . . . for exercising her rights under the [CBA]." (Compl. at ¶¶ 9-10.) Ms. Spencer's factual allegations are consistent with her claim for wrongful termination in violation of public policy.

PeaceHealth also cites cases where plaintiffs alleged wrongful termination premised on rights arising under a contract or CBA, not premised on violation of public policy. (Mot. at 9; Reply at 5.) These cases are inapposite. For example, in *Andrews v. Louisville & Nashville Railroad Company*, the Supreme Court noted that "the only source of petitioner's right not to be discharged, and therefore to treat an alleged discharge as a 'wrongful' one that entitles him to damages, is the collective-bargaining agreement between the employer and the union." 406 U.S. 320, 324 (1972). Here, however, as discussed above, the source of Ms. Spencer's rights is Washington law and public policy.

ORDER - 9

At step two, the Court concludes Ms. Spencer's claim is not substantially dependent on interpretation of the CBA. Accordingly, the Court concludes Ms. Spencer's claim is not preempted by § 301 and may proceed under state law. *See Kobold*, 832 F.3d at 1032.

**D.     Remand**

PeaceHealth removed the action to this Court pursuant to 28 U.S.C. § 1441(a) on the grounds that Ms. Spencer's claim arose under § 301, thus providing federal subject matter jurisdiction. (Dkt. # 1 at 1-2.) Because the Court concludes § 301 does not apply to Ms. Spencer's claim, PeaceHealth has shown no basis for federal jurisdiction.[2]

The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Oregon Bureau of Lab. & Indus. ex rel. Richardson v. U.S. W. Commc'ns, Inc.*, 288 F.3d 414, 417 (9th Cir. 2002). Any doubts regarding the right to removal must be resolved in favor of remand back to state court. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006). If at any time before judgment it appears that this Court lacks subject matter jurisdiction, it must remand. 28 U.S.C. § 1447(c); *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F. 3d 1190, 1192 (9th Cir. 2003).

This Court lacks subject matter jurisdiction over Ms. Spencer's claim.[3] Accordingly, the action must be remanded to Clark County District Court.

---

[2] PeaceHealth concedes that its argument that Ms. Spencer's claim is subject to "*Garmon* preemption is not a basis for removal[.]" (Reply at 8.)

[3] "[A] federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). Having settled that issue, however, this Court cannot address PeaceHealth's other arguments concerning exhaustion under the CBA or *Garmon* preemption.

ORDER - 10

### E. Attorney's Fees

Ms. Spencer makes a cursory request for attorney's fees pursuant to 28 U.S.C. § 1447, without any supporting argument. (Resp. at 2.) The Court denies the request. An order of remand "may" require payment of attorney's fees incurred as a result of the removal. 28 U.S.C. § 1447(c). A court may make such an award "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court finds PeaceHealth "did not lack an objectively reasonable basis to seek removal. Section 301 preemption is a large body of case law that remains confusing." *Sellar*, 2023 WL 5425490, at *7. PeaceHealth's "arguments were not without support in the case law and were not frivolous." *Id.* The Court concludes payment of attorney's fees is not warranted here.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES PeaceHealth's Motion (dkt. # 6) and REMANDS this action to Clark County District Court.

Dated this 3rd day of May, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge